## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **CRIMINAL No. 19-MJ-111** |
| **JOSE CHAVEZ GARCIA** | : | |
| | : | |
| | : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby states grounds to support the defendant's detention pending trial, since there are no conditions or combination of conditions of release that would ensure the defendant's appearance at future proceedings.   In summary, the defendant presents a flight risk, since he is not a citizen of the United States and is subject to significant penalties if convicted of the charged conduct.   The defendant stands charged by complaint with being found in the United States after having been removed, subsequent to a conviction for commission of an aggravated felony, in violation of Title 8, United States Code, Section 1326(a) and (b)(2), an offense for which a maximum term of imprisonment of no more than twenty years is prescribed by statute.

## FACTUAL BACKGROUND

The facts and circumstances detailing the defendant's criminal activity are set forth in the Affidavit in Support of the Criminal Complaint (see ECF Doc. #1-1), which the government incorporates into the instant Motion.[1]   In brief, the defendant is a national of El Salvador with no

---

[1] This Affidavit incorrectly implies that the defendant was previously convicted of First Degree Child Sexual Abuse.   The defendant was charged with that offense, but was convicted of Attempted First Degree Child Sexual Abuse.

legal immigration status in the United States who was convicted of Attempted First Degree Child Sexual Abuse in 2015 and sentenced to a term of imprisonment of 33 months.   Upon his release, he was ordered deported and was removed from the United States pursuant to that order on December 22, 2017.   The defendant was found in the United States on April 16, 2019 when he was detained for driving without a permit.   The defendant did not receive permission from the appropriate authorities prior to re-entering the country.

## PROCEDURES AND STATUTORY STANDARD

The "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). The parties may proceed by way of proffer and hearsay is permitted.   Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).   Moreover, the Government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use."   United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F.Supp. 34, 36 (D.D.C. 1992).   A pretrial detention hearing should not be used as a discovery device, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery.   Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

The Bail Reform Act Section 3142(e), which authorizes detention without bail pending trial, provides:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer ***shall order*** the detention of the person before trial.

18 U.S.C. § 3142(e) (emphasis added).

A finding that no condition or combination of conditions will reasonably assure the appearance of the defendant must be supported by a preponderance of the evidence, and a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence.  See 18 U.S.C. § 3142(e); United States v. Simpkins, 826 F.2d 94, 96 (D.C.Cir.1987) ("While the [Bail Reform] Act requires that detention be supported by 'clear and convincing evidence' when the justification is the safety of the community ... it is silent as to the level of proof required to establish risk of flight. This circuit, however, has ruled that such a finding need only be supported by a 'preponderance of the evidence.' ") (quoting United States v. Vortis, 785 F.2d 327, 329 (D.C.Cir.1986)); see also United States v. Xulam, 84 F.3d 441, 442 (D.C.Cir.1996) (per curiam).

Factors that the Court must consider when determining whether there are release conditions that will reasonably assure a defendant's appearance as required and the safety of any person and the community are:   (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.   18 U.S.C. § 3142(g).   A defendant must be detained pending trial if the Court determines that no condition or combination of conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ."   18 U.S.C. § 3142(e).

## ANALYSIS

In this case, an analysis of the factors listed above favors the defendant's detention. The nature and circumstances of the offenses charged are serious, since they relate to the defendant's presence in the United States after his conviction for an aggravated felony. Congress underscored the serious nature of the offense by imposing a lengthy maximum sentence of twenty years for this offense.

Further, the Government's evidence against the defendant is very strong. Documentary and testimonial evidence will prove conclusively that the defendant was removed from the United States after his conviction for an aggravated felony, and was found in the United States thereafter, without having obtained permission from the U.S. government to re-enter the country.

The history and characteristics of the defendant also weigh against his release, as they reveal his prior conviction for attempted First Degree Child Sexual Abuse involving a 12-year-old female, and his failure to register as a sex offender as required by that conviction, upon his return to the United States.[2] This prior conviction, and the possibility of another criminal prosecution of the defendant based on his failure to register as a sex offender significantly increase the likelihood of an extended sentence of incarceration, and thereby increase the likelihood that the defendant's appearance at future hearings in this case cannot be assured absent his pretrial detention. Any ties the defendant may have to the area do not increase the likelihood of his appearance, since, regardless of the outcome of this case, the law will mandate the defendant's removal from the United States. In short, a preponderance of the evidence supports the government's request for detention, since it reveals that no condition or combination of conditions will assure the appearance of the defendant at future proceedings.

---

[2]This failure may expose the defendant to further criminal prosecution and an increased period of incarceration upon conviction

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, the United States respectfully submits that the evidence and circumstances support a finding that the defendant is a serious risk of flight and that pre-trial detention is appropriate to ensure his future appearance.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
DC Bar No. 472845


By:  _____/s/_____
Thomas A. Gillice
Assistant United States Attorney
D.C. Bar No. 452336
United States Attorney's Office
555 4th Street NW, 11th Floor
Washington, D.C. 20530
(202) 252-1791
thomas.gillice@usdoj.gov